The opinion of the Court was delivered by
Duncan J.'
The declaration is in assumpsit, for goods sold and delivered by Thomas Wilson to the defendant’s testator. The plea is non assumpsit.
It is agreed, that the contract was made with a house, carrying on trade under the name of Thomas Wilson, but which consisted of Thomas Wilson, William Rowlett, and Gabriel *55 Shaw. Shaw and Rozvlett were not secret of dormant part-tiers, but acting and ostensible..
As the law stood formerly,,the rule prevailed, as well as to defendants ás to plaintiffs, that if, in assumpsit, it appeared on the trial, that all the contracting parties, whether plaintiffs or defendants, were not made parties to the action, this might be taken advantage of, on the general issue, because the contract proved was not the same. But in Rice v. Shute, 5 Burr. 2615, a distinction was made, that when brought by one of several contracting parties, it might be so taken advantage of; but where against contracting defendants, it must be pleaded in abatement. Perhaps, weighing the conveniences and inconveniences, it would be more convenient, that the parties should, after issue joined, proceed on the merits, than that the defendant should be allowed to non-suit the plaintiff, on a mere matter of form. But the distinction is well settled. Yet the non-joinder of a dormant partner, as plaintiff, is no ground of non-suit, Lloyd v. Archbowle, 2 Taunt. 324. The real parties to the suit are those with whom the contract is made. There is a material difference between cases where partners are defendants, >ánd where plaintiffs. If you find out a dormant partner, you may make him pay, because he has had the benefit of your Work ; but a person with whom you have no privity of contract, shall not sue you. The ostensible men are’ the only proper plaintiffs; for the only acting.partner might owe much. money to the defendant, which the defendant might set off: but if the plaintiff and th.e dormant partner had sued, the debt of the acting partner could not be set off. It seems not yet quite settled, vvhether.it is not in the option of á creditor, without notice of a dormant partner, to consider himself a joint or a separate creditor, 19 Ves. 294. It certainly is not agreeable to reason, that when a creditor contracts with one man, without knowledge of another having a secret concern in. the contract, when he commences his action against that person, he should, for the first time, be informed by plea in abatement, that there is such dormant partner, and should be obliged to pay the.costs of the suit, and have recourse to a new one. It would seem more rational to adopt the rule, — that the creditor may, at his option, consider himself either a joint or a separate creditor. The act *56 ing men here were Wilson, Shaw, and Rowlett; the action therefore cannot be maintained in the name of Wilson alone.
But application is made to amend, by adding the names of Rowlett and Shaw. This, it is said, may be done during t{je trial. This is not an amendment warranted by the Act of the 21st of March, 1806. It is not an informality affecting the merits of the controversy, which, under the Act, Courts may amend ; for it has been often decided, that this power, extensive as it is, does not, under the name of amendment, authorise an alteration or change of the cause of action, though it does every defective statement of it; much less does it the introduction of a new plaintiff; for if a new plaintiff may be added, why not a new defendant? But you must go farther than the declaration or the statement here ; you must amend the writ, to make it consistent with the declaration ; and you have nothing to amend that by. In ejectment in the ancient form without writ, Courts permitted a new demise to be added, or the demise in the declaration altered; but that is, because ejectments are creatures of the Court, which the Court may mould, so as to answer the ends of substantial justice; — practices of the Court wisely established for attaining justice with ease, certainty, and dispatch.
But it is further contended, that if the Court cannot add a new party under this Act, they may under the Act of the 24th of March, 1818, Purd. Dig. 27. It is entitled ‘«An Act to compel assignees to settle their accounts, and for other purposes.” It appears to me, that great misconception has prevailed in the construction of this Act, if it ever has been construed to extend to any other actions, than actions by assignees of insolvent debtors, trustees under deeds of general assignment for the benefit of creditors, executors, and administrators. The title, the preamble, the beginning, the middle, and the end, convey a distinct meaning of the Legislature. The whole scope and every provision of the Act, relate to that description of persons, — to those who sue in a representative character, as executors and administrators, or those who sue quasi representatives, as assignees and trustees, on account of the fund, and for the benefit of those interested in it. On no principle of just construction, can it be carried beyond this.
The seventh section enacts, that no suit or action now commenced, or hereafter to be commenced, in any of the *57 Courts of this Commonwealth, by executors, administrators, trustees, or assignees, shall abate, or the judgment may be entered thereon be reversed or set aside, for, or by . r. „ r- ... reason oj any or all oj such executors, administrators, trustees, or assignees, being dead, either at the time of the suit brought, or during the pendency thereof; or by reason of all or any of them being superseded or removed; or the letters testamentary or of administration being repealed or annulled; but the same' may be proceeded in to final judgment, by their legal representatives, upon making the proper suggestions upon the record, which the case may require : nor shall any suit or action abate, or the judgment thereon be reversed or set aside, by the omission to name on the record any one of the party or parties; but, in such case, the names of the persons so omitted may, upon application to the Court, be added to the record ; and the cause shall, thereupon, be pro7 ceeded in to trial and final judgment, with the same effect, as if such name had been originally inserted in the record. The first part of the section provides for cases, not of omission of the names of the parties, but of their being dead at the time of suit brought, or dying during its. pendency ; or the letters testamentary, or of administration, being revoked or annulled; and provides for these events by enabling the legal representatives to be substituted and become parties, and proceed to final judgment. The second case provided for, is that of the omission to name on the record all the parties, and authorises the Court to add the names of the parties omitted. It is.not, as was urged, a provision made for suitors of particular descriptions, and suits of a certain class, and then a general provision, embracing all suits and all suitors ; Hut several and distinct provisions for the same class of suits and description of suitors. In the one case, it is a substitution of legal representatives, in case of the death, removal, or disability of the original parties in whose name the action was instituted ; in the other, an addition of the names of the parties to the trust, where the names were omitted in the institution of the action.
It would be sweeping work, indeed, to add new names to any action and at any time; and it is unreasonable to suppose the Legislature would introduce so great and universal an innovation, in an act whose declared object was not general, *58 but specific, — where the provision, applied to the specific sub» ject, would be salutary, but, when applied to all actions and all persons, would produce inextricable confusion and uncertainty. Such a design was as far removed from the view t^le Legislature, as it is from a fair construction of the words they have used. But if the sense were more dubious, from the generality of expression, than it appears to me to be, I would expound it by a reference to the actual case in the contemplation of the Legislature, as manifested by their words; and this is a.sound rule of construction.
The Court deny the application to add the names of Shaxv and Rowlett to the action and to the record.
Rule discharged.