# Alexander *against* M'Ginn.

A partner who purchased, and actually applied, articles for the use of the partnership, may, if sued alone, plead in abatement that the contract, if made at all, was made with him jointly with the other partners.

It is not material that the plaintiff was ignorant of the partnership at the time of the purchase, or whether he gave credit on the responsibility of the partners jointly, or on that of the defendant individually. The plea is sustained if the defendant intended the purchase as a partnership transaction, and it came within the scope of his authority.

ERROR to the common pleas of *Alleghany* county.

M'Ginn, the defendant in error, was the plaintiff below, and brought this suit before an alderman to recover the price of a wheel furnished by him to Alexander. The suit was taken, by appeal from the judgment of the alderman, to the common pleas, where the plaintiff filed a declaration in *assumpsit*. The defendant pleaded *non assumpsit*, payment and set off, with leave to give the special matters in evidence; which plea was, subsequently, on motion, withdrawn, and a plea in abatement filed, that the promises and undertakings alleged in the declaration, if made at all, were made jointly with two other individuals still living.

The court thus charged the jury.

"The defendant has pleaded in abatement, that he was, at the time of the transaction, a partner with others in the purchase of the property for which this action is brought, and that the purchase was made on behalf of the partnership. The question of the existence of a partnership is submitted to the jury ; but how far the defendant can avail himself of it, if it did exist, as alleged, is matter of law. If the plaintiff, at the time of the sale knew nothing of the partnership, and gave credit to the defendant individually, although the article purchased was for the use of the firm and was applied to the partnership concern, I conceive that the plea of co-partnership cannot avail the defendant. The true criterion is not whether the partnership existed, but whether the plaintiff had knowledge of it, and gave

[Alexander v. M'Ginn.]

credit on the responsibility of the partners jointly, or on that of the defendant personally. If on the responsibility of the firm, the plea is sustained and the action defeated ; but if on the individual responsibility of the defendant, the plaintiff must recover ; and of this you are to judge."

Verdict and judgment were rendered for the plaintiff.

Errors assigned.

1. There was a mis-trial, there being no replication to the plea in abatement.

2. The court erred in instructing the jury, that the true criterion was not whether the partnership existed, but whether the plaintiff had knowledge of it, and that, although the article purchased was for the use of the firm and was applied to the partnership concern.

*A. W. Foster*, for plaintiff in error.

There has been a mis-trial, there being no issue joined on the plea in abatement. The plaintiff below should have replied to that plea, "that the promise and undertaking were made by the defendant alone, &c. and not by him jointly and together with the said persons mentioned in the plea, &c." 2 *Chitt. Pl.* 589. Then as to the second error assigned, see 1 *Saund.* 291, 296, 299, *Sergeant Williams's note 4.* It is admitted that it is not necessary for the plaintiff to unite a dormant partner of the defendant. He is not bound to consider the dormant partner as liable. *Gow on Part.* 194. That however is not the present case. The case here is where the partner may be known to all the world as such, but to the plaintiff alone.

*Metcalf* and *Burke*, for the defendant in error, cited Wilson *v.* Wallace, 8 *Serg. & Rawle* 55 ; Clark *v.* Holmes, 3 *Johns.* 148 ; 3 *Stark. Ev.* 1082.

The opinion of the Court was delivered by

Rogers, J.—A plea in abatement that there is a dormant partner, not joined in the suit, who is concerned in interest, will not in all cases be available, because, generally speaking, the right of the creditor to proceed against such partner is elective and not compulsory ; he being under no obligation to consider the dormant as his debtor. *Gow on Partnership* 194; 8 *Serg. & Rawle* 55. But this principle does not extend to known ostensible partnership. There he not only may, but he is bound to bring his suit against each member of the partnership, and this, whether the fact of partnership was known to him or not at the time the contract was made. The true criterion is not, as is supposed by the court, whether the plaintiff had knowledge of the partnership at the time he made his contract, but whether the contract was with the partnership, i. e. whether the partner making it intended it a partnership transaction, and it came within the scope of his authority as partner. If, however, both parties make the contract as individuals, then, as the partnership could not be

[Alexander v. M'Ginn.]

charged, neither shall the plaintiff be defeated in his action by plea in abatement.    Clark *v.* Holmes, 3 *Johns. Rep.* 146.    Murray *v.* Somerville, 2 *Campbell* 99, was the case of an individual contract. The action was for money had and received.    Plea in abatement that the promise was made jointly with one Stuart and one Montgomery, who are both alive.    Defendant proved he had two partners of those names in America, but several letters from him to the plaintiff were given in evidence, which were signed in his own name, and in which he promised to pay the money in question.    Lord Ellenborough held the letters conclusive evidence that the debt was due from the defendant individually, and not from the partnership.    It is not put upon the ground of knowledge of the plaintiff, but upon the nature of the particular transaction, which showed that it was intended as an individual contract.    If on the trial the jury should be satisfied that the article was purchased on account of the partnership, the plea is sustained, whether the plaintiff knew it was intended for the partnership or not.    The reason given for the rule that defendant must plead in abatement, is grounded on the fact that plaintiff may not know all the members of the firm, even at the time of the commencement of the suit.    For this reason the defendant must plead the non joinder in abatement, in which plea he is bound to give the plaintiff a better writ.

Judgment reversed, and a *venire de novo* awarded.