# Schmitt *v.* Potter Title & Trust Company, Appellant.

*Corporations—Failure to record charter—Right to bring suit—Act of April 29, 1874, P. L. 73—Receiver.*

The fact that a corporation has failed to record its certificate of incorporation in the recorder of deeds' office as provided by the Act of April 29, 1874, P. L. 73, but which has otherwise organized and assumed corporate powers, will not prevent the company from maintaining a suit for a debt due to it; and all the more is this the case where the company is in the hands of a receiver, inasmuch as the appointment of a receiver is conclusive of all prior matters involved in such appointment.

*Corporations—Treasurer—Use of corporate money—State treasurer's debt.*

Where the treasurer of a corporation borrows money from a trust company and pays the interest on the loan by checks signed by him as treasurer of his corporation and made payable to the trust company, the latter company is put upon inquiry as to the authority of the treasurer to use the corporate funds, and if it fails to do so, and the treasurer is in fact without authority, the trust company will be liable to the corporation in the aggregate amount of such checks.

In such a case it is immaterial that one of the checks was drawn to the treasurer's own order and endorsed by him to the trust company, having upon its face the words "account salary," and it is also immaterial that the treasurer may have had individual claims against the corporation, inasmuch as the treasurer of the corporation when sued for moneys in his hands may not set off a debt or independent claim; nor is it material that the treasurer may have deposited some of his own funds in the account of the corporation if there is nothing to show definitely that at the times

the checks were given any of the treasurer's money was included in the account of the corporation, or that the corporation knew of any mingling of funds.

In an action by a corporation to recover corporate funds improperly paid to the defendant by the treasurer for interest on his own individual loan, the defendant cannot set up as a defense that there had been an abandonment by the officers of the corporation to the treasurer of the entire management of the company, where there is no evidence of abandonment of entire control, or that the directors had knowledge of the treasurer's unlawful acts, or that the corporation derived any benefit from his acts, or that any one was misled through the negligence of the corporate officers, although it may appear that the company did not do much business.

Argued May 6, 1915.   Appeal, No. 192, April T., 1915, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1913, No. 1744, on verdict for plaintiff in case of Victor J. Schmitt, Receiver of the Interstate Lumber Company, v. Potter Title & Trust Company.   Before RICE, P. J. ORLADY, HEAD, PORTER, HENDERSON and TREXLER, JJ.   Affirmed.

Assumpsit to recover money alleged to have been wrongfully received.   Before HAYMAKER, J.

At the trial the court admitted under objection and exception the charter of the Interstate Lumber Company although it had not been recorded in the office of the recorder of deeds.   (4)

Plaintiff offered in evidence a check of the Interstate Lumber Company, reading as follows: "Pay to the order of W. A. Coleman, one hundred twenty dollars ($120), account of salary."   Signed "Interstate Lumber Company," signed by W. A. Coleman, treasurer, and on the back endorsed "Pay to the order of Potter Title & Trust Co., W. A. Coleman."

Objected to, as incompetent, irrelevant and immaterial, not being the check on which suit was brought, and secondly, if it was, it shows on the face of it that it was made to the order of Mr. Coleman, and for salary, being a matter for which the officer would have a perfect right

to draw a check, and being so clothed he would have a right to endorse it to the order of the Potter Title & Trust Company.

Objection overruled.

To which ruling of the court counsel for defendant except.

Exception allowed and bill sealed.   (5)

W. A. Coleman was asked this question by Mr. Stone:

Q. In other words, after the opening of the account in the Real Estate Savings and Trust Company, your moneys were mingled with the corporation's moneys in the bank?

A. Certainly, yes, sir.

Q. And at that time the corporation was indebted to you?

Objected to as incompetent, irrelevant and not a proper question in this case.

By the Court:

The objection to the last question and answer, with reference to the condition of the account between the corporation and the witness, is sustained.

To which ruling of the court counsel for defendant except.

Exception.   (6)

Q. In addition to these deposits, as made by you, what, if anything, did the company owe to you from time to time in the nature of compensation for services?

Objected, first, for the reason that it is an attempt to draw in, by process of getting in the accounts, a statement of the accounts between these parties, and secondly, the witness is not competent to answer the question, because if the question becomes material to the issue, it can only be proved by the proper corporate action of the board of directors, fixing his compensation prior to the services being rendered.

Objection sustained.

To which ruling of the court counsel for the defendant except.   Exception.   (7)

304    SCHMITT *v.* POTTER T. & TR. CO., Appellant.

Statement of Facts—Assignment of Errors.    [61 Pa. Superior Ct.

Q. Did the audit show that you were indebted to the company or that the company was indebted to you?

Objected to as incompetent and irrelevant.

Objection sustained.

To which ruling of the court counsel for the defendant except.

Exception.    (8)

By Mr. Stone:

I propose to show by the witness on the stand, that the witness, W. A. Coleman, brought suit against the Interstate Lumber Company and V. J. Schmitt, its receiver, in the Court of Common Pleas of Allegheny County, at No. 1173 April Term, 1914; that in said suit said Coleman gave credit for the full amount, and for all of the checks on which suit is brought in this case, and that the affidavit of defense, as filed by V. J. Schmitt, receiver, claims that Mr Coleman is indebted to the Interstate Lumber Company on account of the checks which are the basis of the suit in this case. This being offered for the purpose of showing that as to the accounts between William A. Coleman and the Interstate Lumber Company, and the company is indebted to Mr. Coleman and not he indebted to the company; and for the special reason of showing that these checks have been considered in the pleadings filed by both parties.

Objected to as incompetent, irrelevant and immaterial.

Objection sustained.

To which ruling of the court counsel for the defendant except

Exception.    (9)

Verdict and judgment for plaintiff for $967.54. Defendant appealed.

*Errors assigned,* among others, were (1) refusal of binding instructions for defendant; (5-9) rulings on evidence quoting the bill of exceptions.

*Stephen Stone,* of *Stone & Stone,* for appellant.—The

company had no right to sue: Guckert v. Hacke, 159 Pa.
303; New York Nat. Ex. Bank v. Crowell, 177 Pa. 313;
Tonge v. Item Pub. Co., 244 Pa. 417; Gunster v. Scran-
ton Illuminating, Etc., Co., 181 Pa. 327.

The company had abandoned its contract to Coleman:
Hartzell v. Ebbvale Mining Co., 239 Pa. 602; Chestnut
Street Trust & Savings Fund Co. v. Record Pub. Co., 227
Pa 235; First Nat. Bank v. Colonial Hotel Co., 226 Pa.
292.

*C. K. Robinson,* with him *A. H. Mercer,* for appellee.—
The company was a de facto corporation: Gibb's Est.,
157 Pa. 59; Spahr v. Farmers Bank, Etc., 94 Pa. 429.

The charter was not subject to collateral attack: Mo-
nongahela Bridge Co. v. Pittsburgh, Etc., Traction Co.,
196 Pa. 25; Gas & Water Co. v. Dowingtown Boro., 193
Pa. 255; Com., ex rel., v. Yetter, 190 Pa. 488.

Plaintiff was entitled to recover corporate funds used
to pay private debts: Purdy v. Powers, 6 Pa. 492; Mc-
Naughton's App., 101 Pa. 550; Clarke v. Slate Val. Rail-
road Company, 136 Pa. 408; Brown v. Pettit, 178 Pa. 17.

The plaintiff can recover on check of company pay-
able to order of treasurer and endorsed to pay private
debt.

A treasurer must account for corporate funds; he
cannot offset personal claims: Russell v. First Presby-
terian Church, 65 Pa. 9; First Nat. Bank, Etc., v. Tus-
tin, 246 Pa. 151.

The question of treasurer's compensation is an im-
material matter in this case: Millward-Cliff Cracker
Co.'s Est., 161 Pa. 157; Bair & Gazzam Mfg. Co. v. Van-
dersaal, 36 Pa. Superior Ct. 615; Althouse v. Cobaugh
Colliery Co., 227 Pa. 580; Brophy v. Am. Brewing Co.,
211 Pa. 596.

The officers and directors did not abandon company to
treasurer.

OPINION BY TREXLER, J., October 11, 1915:

1. Objection is urged that the corporation for which the plaintiff as receiver brings this suit had failed to record its charter as provided by law and that at the times the transactions involved in this suit took place the corporation was not legally chartered and therefore incapable of maintaining this action. It is true the Act of April 29, 1874, P. L. 73 (76), provides for the recording of the certificate of incorporation in the recorder's office of the county where the chief operations of the company are to be carried on and "from thenceforth the subscribers thereto and their associates and successors, shall be a corporation, for the purposes and upon the terms named in the said charter." When this condition precedent is not complied with the subscribers conducting the business are liable as partners: Tonge v. Item Pub. Co., 244 Pa. 417. It has however been determined beyond question in this State that the existence of a corporation or its right to exercise its corporate franchises cannot be inquired into or attacked collaterally: Commonwealth v. Monongahela Bridge Co., 216 Pa. 108; Monongahela Bridge Co. v. Traction Co., 196 Pa. 25; P. & L. Dig. Vol. III, 4860. The things necessary to the existence of a de facto corporation are present in this case, (1) a law under which it is alleged to have been created; (2) an attempt to organize under the law; and (3) assumption and exercise of corporate powers under such attempted organization: Gibbs' Est., 157 Pa. 59. Moreover an appointment of a receiver to wind up the affairs of a corporation is conclusive of all prior matters involved in such appointment: Capital City Fire Ins. Co., to use, v. Boggs, 172 Pa. 91; French v. Harding, 235 Pa. 79.

2. Coleman was secretary and treasurer of the Inter-State Lumber Co. During the time of its operations he borrowed the sum of $5,000 from the Potter Title and Trust Co., the defendant, and with his wife gave a mortgage on his wife's property to secure the loan. Afterwards Coleman gave some ten checks drawn on the Real

Estate Savings & Trust Co., signed, "Inter-State Lumber Co., by W. A. Coleman, Treasurer," payable to the Potter Title and Trust Co., the defendant. All of these checks save one, show on their face that he was paying, out of the funds of the corporation, the interest on the mortgage, or at least his personal debt arising out of it. He was thus using the assets of the corporation for his own purposes. The transaction showed on its face that the corporate funds were being used for the personal and private debts of the treasurer. Was the trust company put upon inquiry and bound to investigate as to the authority of the treasurer so to use the corporate funds? The presumptions were all against the legality of his acts and apparently, unless inquiry revealed the contrary, his acts were unauthorized and unlawful. The court below gave binding instructions for the plaintiff, holding that the trust company produced no evidence to justify its act in accepting the checks which upon their face were payable out of corporate funds and were used for Coleman's private purposes. The law seems to be well settled that where an individual attempts to pay his personal indebtedness out of the funds of a corporation, partnership, an estate or a trust by checks drawn against the funds of such corporation, partnership, estate or trust, the person who receives the same is put upon notice as to the right of the individual to pay his indebtedness out of the funds of the corporation, partnership, estate or trust and is bound at his peril to inquire as to the right of the individual so to do. "A partnership is entitled to recover its assets applied by one partner to the payment of his debt." Purdy v. Powers, 6 Pa. 492. In Rochester & Charlotte Turnpike Road Co. v. Paviour, 164 N. Y. 281, it was held, "The payee of corporate checks who receives them from the treasurer of the corporation in payment of a debt not owed by the corporation but in payment of one which he has treated as the treasurer's individual debt, where the latter has no actual or apparent authority to issue such checks, either in payment of his own debt

or that of a third person, is chargeable with notice of his incapacity to issue them and is bound to inquire as to the real situation and where he accepts the checks without question and draws the money thereon, he is liable in an action by the corporation to recover the amount paid as money received by him to its use.   The transactions invited inquiry.   There was a shadow on them and the defendant could not in good faith accept them until it had disappeared."   A number of cases upon the same subject are reviewed in the above case.   In Wilson v. Metropolitan Elevator Co., 120 N. Y. 145, "One who receives from the officer of a corporation the notes or securities of such corporation in payment of, or as security for a personal debt of such officer, does so at his own peril." The purpose of the law in exacting inquiry under such circumstances is to see whether the apparent situation is the actual situation, or in other words to learn whether the facts exist to rebut the presumption: Ward v. City Trust Co., 192 N. Y. 61; Nat'l Bank v. Ins. Co., 104 U. S. 54.   Where the treasurer of a corporation draws and uses its funds for private purposes, in the absence of circumstances giving rise to a reasonable inference of authority to do so, the bank is put upon inquiry and that a presumption of a treasurer's authority to apply the corporate funds to his private purposes does not arise from the mere fact that he does apply them: Manhattan Web Co. v. Nat'l Bank, 133 Fed. Rep. 76.   The opinion cites many cases from other states in its support.

The evidence discloses the absence of inquiry on the part of the Potter Title and Trust Co. as to the authority of Coleman to issue the checks.   Under the authorities above quoted we think the transaction bore upon its face the presumption of illegality; that having exercised no such caution in the matter as is required by law, the money received from the checks cannot be retained by it. There is one check which Coleman gave to his own order and endorsed to the Potter Title and Trust Company, which check upon its face has the words, "account sal-

ary." We do not think this changes the application of the principles above set forth. The money was drawn out of corporate funds and was used for Coleman's own purposes. He might have put on all of these checks the words, "account salary," but still that would not have been evidence that there was any salary owing to him or that all matters had been adjusted between him and the company, or that he had the authority to issue the check. This phase of the case presents some difficulties, but were we to hold that the mere designation of an apparently lawful object on the face of the check, drawn by an officer of a corporation, to his own order, on corporate funds, the officer not being authorized so to do, dispenses with the necessity of inquiry on the part of the person accepting such check in payment of the personal debt of said officer, we would open the way to the practical setting aside of the rule of law above referred to. The Potter Company knew that the source of payment was corporate funds and that the funds were to be applied to Coleman's debt and these two elements in the transaction should have caused it to ascertain whether the transaction was legitimate.

3. The defendant sought to prove that Coleman, the treasurer, had individual claims against the corporation. This was held to be incompetent and we think rightly so. The reason for the avoidance of the checks given by Coleman is found in his lack of authority to issue them. The directors of the company are the persons entrusted with the funds of the corporation. If the treasurer desired to have any claims of his against the company adjusted, such adjustment should have been made through the proper officers. When the treasurer of a corporation is sued for moneys in his hands, he may not set off a debt or independent claim: Eastman's Private Corporations in Pennsylvania, 2d Ed., Section 163. "There is fairly to be implied from the relation he sustains an understanding not to plead set-off but to account and pay over whatever money came to his hands in that character." Russell v.

First Presbyterian Church, 65 Pa. 9 (16). The treasurer having no right to raise the question of set-off, his payee has none.

4. There was some evidence sought to be introduced that Coleman had deposited some of his own funds in the same account in which the company funds had been kept and thus mingled his funds with those of the corporation. The money deposited being in the name of the company, every presumption was that it belonged to the company and the lower court very properly held that there was no evidence that definitely showed that at the times the checks were given any of Coleman's money was included in the bank against which the checks were drawn and further there was no evidence that any of the officers of the company, barring Coleman himself, knew of the methods Coleman was employing in regard to the funds, or of any mingling of Coleman's funds with those of the corporation.

5. The appellant urges that there was an abandonment by the officers of the corporation to Coleman of the entire management of the company and thus they are estopped from denial of liability for his acts: Hartzell v. Ebbvale Mining Co., 239 Pa. 602; Chestnut St. Trust, Etc., Co. v. Record Pub. Co., 227 Pa. 240; First Nat. Bank v. Colonial Hotel Co., 226 Pa. 292. This question was not submitted to the jury. In the very nature of things, the operations of the corporation were not very extensive, its business being the purchase of lumber by its members through the central office at wholesale prices. It nowhere appears in this case as it does in the cases above cited that the entire control and management of the corporation was abandoned to Coleman, or that the directors had knowledge of his unlawful acts, or that the corporation derived any benefit from his acts, or that any one was misled through the negligence of the corporate officers. The corporation it is true latterly ceased to do much business but a cessation of business does not imply an abandonment of corporate control. We think the

learned trial judge was right in the position he took that the evidence of abandonment was insufficient to require a submission to the jury.

We think the above covers all the assignments of error. All the assignments of error are overruled and the judgment is affirmed.