# Schmitt, Appellant, v. Burns, Fleming & Co.

*Corporations—Treasurer—Use of corporate money—Banks and banking—Evidence—Corporate minutes.*

When the treasurer of a corporation pays his personal indebtedness by checks signed by him as treasurer of his corporation, the payee in accepting the checks is put upon inquiry as to the authority of the treasurer to use the corporate funds, and if he fails to do so, and if in fact the treasurer is without authority, the payee will be liable to the corporation or its receiver for the amount of such checks. In such a case there is sufficient evidence of the authority of the treasurer to give the checks, to go to the jury, where the treasurer testifies that he was authorized to give the checks by the board of directors at two meetings, that reports were made from time to time of these transactions, that the board knew and ratified

his action, and agreed that he should pay his own bills out of the moneys he had deposited for the benefit of the company. Where the minutes have been produced but are silent upon the subject, parol evidence may be admitted to show what actually occurred at the meeting.

In such a case it was not reversible error to admit testimony as to the amount of salary paid to the treasurer, and as to the method of keeping the bank account sometime prior to the transactions involved in the case, and proof of the deposit of some of the treasurer's money into the account of the corporation. Such proof bore on the question of subsequent dealings of the parties and added some plausibility to the treasurer's story that his action in paying his debts with corporate checks was authorized.

Argued April 26, 1917. Appeal, No. 115, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., July T., 1912, No. 752, on verdict for defendant in case of Victor J. Schmitt, Receiver of the Interstate Lumber Co. v. Burns, Fleming & Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover the amount of certain checks. Before MACFARLANE, J.:

At the trial it appeared that the suit was brought to recover the amount of checks drawn by W. A. Coleman of the International Lumber Company on the account of the company to pay certain personal indebtedness of his own to the defendants, Burns, Fleming & Company. The evidence is summarized in the opinion of the Superior Court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in overruling plaintiff's motion for judgment non obstante veredicto, and in admitting the evidence referred to in the opinion of the Superior Court.

*C. K. Robinson,* with him *A. H. Mercer,* for appellant.

—This case is rule by Schmitt v. Potter Title & Trust Co., 61 Pa. Superior Ct. 301.

*W. L. McKay,* with him *L. P. Monahan* and *F. A. Ammon,* for appellees.

OPINION BY TREXLER, J., July 13, 1917:

In Schmitt v. Potter T. & Tr. Co., 61 Pa. Superior Ct. 301, we held that when the treasurer of a corporation pays interest on his individual loans from a trust company by checks signed by him as treasurer of his corporation, the trust company accepting the check is put upon inquiry as to the authority of the treasurer to use the corporate funds and if it fails to do so and if in fact the treasurer is without authority the trust company will be liable to the corporation for the amount of such checks. The facts in this case are very similar to those in the case above cited. The court in its charge to the jury stated it very plainly that when the checks which were payable to the defendants were received, the defendants were put upon notice that they were not the checks of the debtor but that they were the checks of the corporation of which he was treasurer and that they were applied to his own debts and he expressly told the jury that unless they found that Coleman had authority to give the checks the defendants must refund to the corporation. He then submitted to the jury the single question, "Had Coleman the authority to give these checks?" There was sufficient evidence to go to the jury upon this question. Coleman testified that he was authorized to give these checks by the board of directors at two meetings; that reports were made from time to time of these transactions and that the board of directors knew and ratified his action. That the board of directors agreed that he should pay his own bills out of the moneys he had deposited for the benefit of the company. It will serve no good purpose to refer to the testimony in detail, but we think after reading it there was sufficient

testimony showing authority on the part of Coleman or ratification of his acts to support the finding in favor of the defendants.

Objection is made to the testimony offered by the defendants to show that at a meeting held in August, 1908, arrangement was made that Coleman should pay his own bills out of the moneys he had deposited for the benefit of the Interstate Lumber Company.   The objection made to this was that the minutes of said meeting being already in evidence that they were the best evidence of any such arrangement.   The minutes being silent upon the subject we do not think it was error for the court to allow testimony to show what had occurred.   The minutes of a corporation are not conclusive of the matters therein contained neither are they necessarily inclusive of all matters transacted.   The rule is that such minutes are prima facie evidence of the facts therein stated, but parol testimony is admissible to explain or supplement them: Rose v. Ind't Chevra Kadisho, 215 Pa. 69.

The other objection to the admission of testimony was as to the amount of salary paid to Coleman and as to the method of keeping the bank account sometime prior to the transactions involved in this case and proof of the deposit of some of Coleman's money into the account of the corporation.   We cannot convict the court of error in admitting this testimony.   It did not go to the gist of the action but it bore on the question of the subsequent dealings of the parties and was in line with and added some plausibility to the story of Coleman that his action in paying his debts with corporate checks was authorized.

All the assignments of error are overruled and the judgment is affirmed.