## Schmitt, Appellant, *v.* Mellon National Bank.

*Banks and banking—Certification of check—Certification equal to acceptance—Act of May 16, 1901, P. L. 194—Corporations—Treasurer—Check.*

Where the treasurer of a corporation draws a check on his company's account in a trust company and signs the check with the name of his company and his own name as treasurer, and the check shows on its face that it is to pay the treasurer's personal indebtedness, and the trust company certifies the check, a bank which subsequently pays the check in the course of business is not bound to inquire as to the authority of the treasurer to use his company's funds. Under the Act of May 16, 1901, Sec. 187, P. L. 194, the certification of the check was equivalent to an acceptance, and the trust company became responsible for its payment.

Argued April 26, 1917.  Appeal, No. 118, April T.,
1917, by plaintiff, from order of C. P. Allegheny Co., July
T., 1916, No. 1796, directing the county court to enter
judgment for defendant in case of Victor J. Schmitt, Re-
ceiver of the Interstate Lumber Company, v. Mellon Na-
tional Bank.  Before ORLADY, P. J., PORTER, HENDERSON,
HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Petition for leave to appeal from the judgment of the
county court.  Before REID, J.

The facts are stated in the opinion of the Superior
Court.

*Error assigned* was order directing judgment to be en-
tered in the county court in favor of defendant.

*W. C. McClure,* for appellant.—The fact that the check
was certified, or that the defendant had the check certi-
fied, does not effect its liability: Girard Bank v. Bank of
Penn Twp., 39 Pa. 92; Central Guarantee T. & S. Dep.
Co. v. White, 206 Pa. 611; Farmers', Etc., Bank v. Eliz-
abethtown Nat. Bank, 30 Pa. Superior Ct. 271.

The check, bearing on its face notice of its illegality,
and the presumptions all being against its legality, and
the defendant having made no inquiry, no notice was nec-
essary and plaintiff cannot be held to have ratified the
act: Lamson v. Beard, 94 Fed. Rep. 30; Leather Mfgrs.
Bank v. Morgan, 117 U. S. 96.

*William S. Moorhead,* for appellee.—The case in ques-
tion is ruled by the case of Myers v. Southwestern Nat.
Bank, 193 Pa. 1.  See also McNeely Co. v. Bank of North
America, 221 Pa. 588; Connors v. Old Forge Discount,
Etc., Bank, 245 Pa. 97; Marks v. Anchor Savings Bank,
252 Pa. 304.

The certification of the check in suit relieved the de-
fendant of the duty to inquire further as to its applica-
tion: Central Guarantee Trust & Savings Dep. Co. v.
White, 206 Pa. 611.

OPINION BY TREXLER, J., July 13, 1917:

W. A. Coleman was treasurer of the Interstate Lumber Company. On October 15, 1909, he drew a check to the Mellon bank for the sum of $75 on the Real Estate Savings & Trust Company and signed the check, Interstate Lumber Company, W. A. Coleman, Treasurer. In the body of the check there were the words "To lift W. A. Coleman's note to Shriver Lumber & Mfg. Co." The check was certified by the Real Estate Savings & Trust Company. The Mellon bank received the money as agent of the Bank of Monongahela Valley located at Morgantown, West Virginia, who had forwarded the note for collection in payment of which the check in question was given and the Mellon bank in due course sent the money to the forwarding bank. The Interstate Lumber Company was not indebted to any one whose name appeared in the transaction. Admittedly the check was issued to pay Coleman's personal debt. This suit is brought by the receiver of the Interstate Lumber Company to recover from the Mellon National Bank, the amount of the check, the basis of the suit being that the check bore upon its face the evidence that Coleman was using the funds of his company for his personal debt and that the Mellon bank was therefore put upon inquiry and bound to investigate as to the authority of the treasurer so to use the corporate funds. See Schmitt v. Potter T. & Tr. Co., 61 Pa. Superior Ct. 301. The trial judge in the county court sitting without a jury decided the case in favor of the plaintiff but the Court of Common Pleas took the contrary view and entered judgment in favor of the defendant and from that judgment the present appeal is taken.

Without going into all the questions raised we think the fact that the check was certified, protected the Mellon National Bank from any liability. The Act of May 16, 1901, P. L. 194, Section 187, provides "Where a check is certified by the bank on which it is drawn, the certification is equivalent to an acceptance." Section 188,

"Where the holder of a check procures it to be accepted or certified, the drawer and all endorsers are discharged from liability thereon." Section 189, "A check, of itself, does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check." When the trust company certified the check it became responsible for its payment. "It is established in law that the certification of a check transfers the funds represented thereby from the credit of the maker to that of the payee, and that, to all intents and purposes, the latter becomes a depositor of the drawee bank to the amount of the check, with the rights and duties of one in such a relation: Girard Bank v. Bank of Penn Township, 39 Pa. 92, 99; Central Guar. Tr. & Safe Dep. Co. v. White, 206 Pa. 611, 614"; Marks v. Anchor Savings Bank, 252 Pa. 304, 307. See also Farmers', Etc., Bk. v. Elizabethtown Bk., 30 Pa. Superior Ct. 271. When this check came into the hands of the Mellon bank duly certified it was not concerned as to the relations between Coleman and the corporation of which he was treasurer. Under the express language of the Act of 1901 its endorsement carried with it no liability. We cannot hold that under the circumstances presented in this case that the Mellon bank when it received this check duly certified was compelled to look into the matter as to whether Coleman had authority to give the check. That was a question which was before the trust company when it certified the check.

The judgment is affirmed.