# Republic Trust Company *v.* Gorham, Appellant.

*Negotiable instruments—Promissory notes—Collateral security —Defense—Estoppel.*

In an action on a promissory note given to a corporation, and subsequently negotiated by its president for his own use, the maker, who has received notice that a bank holds such note as collateral security for another individual note of the president of the payee corporation, cannot offer as a defense that the bank or its assignee was not a bona fide purchaser for value, etc., when he made no effort to inform the bank that the note was fraudulently negotiated, or that the officer of the company had exceeded his authority.

If a party having a right, stands by and sees another dealing with property in a manner inconsistent with that right, and makes no objection while the act is in progress, he cannot afterwards complain.

Argued Oct. 21, 1918. Appeal, No. 84, Oct. T., 1918, by defendant, from judgment of C. P. No. 2, Philadelphia Co., March T., 1917, No. 264, on verdict for plaintiff in case of Republic Trust Company, a Corporation, to use of J. K. Griffith, v. Walter M. Gorham, Trading as Henry Levis & Co. Before ORLADY, P. J., PORTER, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Summons in assumpsit on promissory note. Before WESSEL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,387.83. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*William L. Chrisman,* and with him *Samuel K. White* and *Joseph S. Clark,* for appellant.

The pledging of the note of the corporation by its president, as collateral security for his own loan, put the trust company upon inquiry: Garrard v. Pittsburgh & Connellsville R. R. Co., 29 Pa. 154; Schmitt v. Potter Title & Trust Company, 61 Pa. Superior Ct. 301.

The failure of the defendant to respond to the notice of the trust company that it held his note, did not work an estoppel: Koch's Est., 148 Pa. 159; Logan v. Gardner, 136 Pa. 588; Commonwealth v. Moltz, 10 Pa. 527; Wright's App., 99 Pa. 425.

*Percival H. Granger,* and with him *J. Howard Reber,* for appellee, cited: Lord v. Ocean Bank, 20 Pa. 384; Chestnut St. Tr. & Sav. Fund Co. v. Hart, 217 Pa. 506; Negotiable Instrument Act of May 16, 1901, P. L. 194; Lancaster Co. Nat. Bk. v. Garber, 178 Pa. 91; Cox & Sons v. Northampton Brew. Co., 245 Pa. 418.

OPINION BY TREXLER, J., July 17, 1919:

The defendant, Walter M. Gorham, trading as Henry Levis & Co., gave his note for $1,000 to the Lykens Valley Construction Company. It was the understanding that this note was to be used for the purpose of raising money for the building of a railroad, the maker, in connection with a number of others, having made arrangements to loan their credit to the company by giving it notes. The note given was endorsed by the de-

fendant company by its president and secretary and also bore the individual endorsement of Harrington, the president and in this shape was presented by Harrington to the Republic Trust Company as collateral security for a $3,000 note which Harrington presented to the trust company for discount. The note was subsequently sold under its terms by the trust company, and assigned to Griffith, the use-plaintiff. The verdict of the jury settles the fact that neither the trust company nor Griffith had any knowledge of the limited purpose for which the note had been placed in circulation.

The defense to the note is that the trust company was not a bona fide holder, for at the time the note was taken by it, on the face it showed that it was payable to the Lykens Valley Construction Company and the proceeds of the note of $3,000 for which it was offered as collateral were put to the personal account of Harrington; therefore the trust company knew that the corporate property was being used by Harrington for his own personal ends and was thereby put upon inquiry: see Schmitt v. Potter T. & Tr. Co., 61 Pa. Superior Ct. 301.

Whether this position be correct or not we do not think we are called upon to decide. On the day Harrington had his dealings with the trust company a letter was sent by the trust company of which the following is a copy:

"Philadelphia, June 28, 1911

"Henry Levis & Co.,        "(Stamped)
  "26 S. 15th St.,        "Received
    "Philadelphia.        "Jun 29, 1911
                       "Ans...............

"Gentlemen:

"I beg leave to advise you that we have this day made a demand loan to W. E. Harrington, for which he gives us, as part collateral, your note of $1,000. dated June 26, 1911, to the order of the Lykens Valley Construction Co. and endorsed by the Company and W. E. Harrington.

      "Yours very truly,     W. C. Pollock, Jr.,

                  "Treasurer."

This letter was received by the defendant and never answered. At the time the letter was sent the money still remained to the credit of Harrington, not having been checked out. There was a balance in excess of the amount in question until July 14th. One thing is certain, if Gorham, when he received the letter of advice, had informed the trust company, it could have protected itself against any loss by reason of the acceptance of this collateral. Defendant takes the position that there was no duty imposed upon him to notify the trust company, the transaction being closed, the note having been accepted and the proceeds of the transaction having been placed to Harrington's credit. There is no doubt about it that estoppel will arise by silence when there is a duty to speak. "If the payer of a note stands by and sees it assigned to a third person without giving the assignee notice of an existing defense, he shall afterward pay the amount of the note to the assignee although the consideration thereof should have entirely failed; and whether his conduct proceeded from ignorance or design": Decker v. Eisenhauer, 1 P. & W. 476. This is followed in our recent case of Livengood v. Hay, 55 Pa. Superior Ct. 134. We do not think that the fact that the plaintiff was not actually induced to make the loan to Harrington by reason of any action on the part of defendant changes the matter. The same principle of equity which would have compelled him to speak before the transaction was complete would bind him to inform the trust company of the infirmity in the note. In Little v. William F. Fearon & Co., 252 Pa. 430, we find, "If a party having a right stands by and sees another dealing with property in a manner inconsistent with that right, and makes no objection while the act is in progress, he cannot afterwards complain."

When this collateral was accepted by the trust company, if we admit arguendo that the transaction required inquiry by the trust company, we think that the duty was upon the defendant when such inquiry was made to give the information, even if the inquiry was

Opinion of the Court.   [72 Pa. Superior Ct.

made after the transaction was closed for the trust company was still in a position to protect its rights and the very nature of the transaction, the note being accepted as part collateral, would bring the knowledge home to the defendant that the note was not the only factor in the dealings between the trust company and Harrington but that other elements entered into it and that notice of the infirmity in the note might enable the bank to protect itself in some other way.

Judgment affirmed.