Steiner, Appellant, *v.* Germantown Tr. Co.

Argued October 7, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Maurice J. Friedman,* for appellant.

*Henry R. Heebner* and with him *John Russell, Jr.,* and *Morgan, Lewis & Bockius,* for appellee.

OPINION BY CUNNINGHAM, J., January 28, 1932:

Plaintiff, a depositor in defendant trust company, sued it to recover the amount of two checks drawn by him upon it; his allegation was that defendant honored them after due notice from him to stop payment. The case was tried before a judge of the municipal court who found in favor of defendant; plaintiff now appeals from the judgment entered upon the finding.

These facts clearly appear from the testimony: Defendant's main office is located at the corner of Germantown and Chelten Avenues and its Logan Branch at Broad and Ruscomb Streets. About one o'clock on the afternoon of July 30, 1929, plaintiff while in the Widener Building, Penn Square, drew two checks to the order of Vendo Products Company—one for $200 and the other for $13—and delivered them to a representative of that company. Approximately fifteen minutes later, plaintiff, for reasons personal to him and not important here, decided to stop payment of the checks. He called Bedford, manager of the Logan Branch, by telephone and told him the checks "were not to be honored;" Bedford replied that "if the checks had not been paid" payment would be stopped, and told plaintiff to come in the following day to sign a written direction. Bedford immediately called the main office at Germantown and communicated plaintiff's direction to Jones, one of several tellers then on duty; Jones promptly began notifying the other tellers, one of whom was Earl Shallcross. When he reached his window and gave him the "stop order," Shallcross exclaimed, "There goes the man out the door, I just certified the two checks." The testimony

of Shallcross was that about ten minutes before two the representative of the Vendo Products Company presented the checks at his window for certification; that he took them to the bookkeeping department, verified the signatures of plaintiff, ascertained there was a sufficient balance in his account, stamped a formal certification on each check, had the certification signed by the proper teller and handed the checks to the representative of the payee who left the bank a few seconds before Jones advised him of plaintiff's notice.

The result of applying the law to these facts is a finding for defendant. Plaintiff had a right to stop payment of his checks and it was the duty of defendant to comply with his notice, provided it was received before the checks were paid or certified: Wall v. Franklin Trust Company, 84 Pa. Superior Ct. 392. The certification of the checks was equivalent to an acceptance and had the effect of transferring the funds represented thereby from the credit of plaintiff to that of the payee, which company to all intents and purposes then became a depositor of defendant to the amount of the checks: Schmitt v. Mellon National Bank, 67 Pa. Superior Ct. 453.

The entire argument of counsel for appellant is based upon a confusing, inconsistent and unsupported statement in the opinion of the trial judge, reading: "There is no question that notice was given in time." If the trial judge intended to say that the office of defendant to which the checks were presented had notice prior to their certification, such statement is without the slightest support in the evidence. It is more probable he merely meant to say the Logan Branch had notice before acceptance by the main office, as, in a subsequent portion of his opinion, he said he thought defendant was entitled to such notice "as will enable it to notify [its] different branches." However, we are more concerned with the judgment

entered by the court below than with the reasons stated therefor. The judgment is clearly right and the time, labor and money expended in taking this appeal might have been more profitably applied.

Judgment affirmed.