# Farmers & Mechanics Bank of East Birmingham to use *v.* Third National Bank of Pittsburg, Appellant.

*Banks and banking—Collection through clearing house—Principal and agent—Authority—Ratification—Settlement—Acquiescence.*

Defendant, a bank, was agent for plaintiff, another bank, for collection through the clearing house. Defendant received from plaintiff on a Friday, a check on a bank which had been closed for several days. The bank upon which the check was drawn cleared on Saturdays. On the Saturday after the check was received, the bank was opened. It was also open on part of the following Monday. Checks on it were paid through the clearing house on Saturday, but not on Monday. The check in question was not sent to the clearing house on Saturday, and when it was sent on Monday, it was returned dishonored. Defendant's assistant cashier sent the check back to plaintiff with a full statement of what had been done. The accounts between plaintiff and defendant were then adjusted, and defendant continued to act as plaintiff's clearing-house agent for four years. Plaintiff was compelled to pay the depositor of the check because of negligence in failing to collect it. Nearly six years after the original transaction, plaintiff's assignee for the benefit of creditors brought an action against defendant for the loss. *Held,* that defendant was entitled to go to the jury on the question of the authority of the assistant cashier and the subsequent ratification of his act, and of the binding effect of a settlement made and acquiesced in for such a length of time.

Argued Oct. 29, 1894. Appeal, No. 152, Oct. T., 1894, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1890, No. 733, on verdict for plaintiff. Before GREEN,

WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.
Reversed.

Assumpsit to recover amount of check.   Before STOWE, P. J.

Plaintiff's statement averred in substance that the Farmers & Mechanics Bank of East Birmingham, on May 23, 1884, received from James W. Patterson for collection a check of the same date, drawn upon the Penn Bank for seven hundred dollars; and that the Farmers & Mechanics Bank of East Birmingham sent this check, on the same day that it was received, to the Third National Bank of Pittsburg for collection from the Penn Bank; that the Penn Bank closed its doors finally at 2 P. M., May 26, 1884; that the drawer of the check had on deposit in the Penn Bank from May 22d, to May 26th, the sum of seven hundred dollars, subject to check; that the Third National Bank had the opportunity to collect the said check from the Penn Bank on Friday, May 23, 1884, on Saturday, May 24th, and until 2 P. M., on Monday, May 26th, but did not present the same for payment, and negligently failed to collect said check, although the said Third National Bank, its officers and cashiers, knew and were informed that the Penn Bank was open and was paying its checks on Friday, Saturday and part of Monday aforesaid.   It further avers that, by reason of the negligence of its agent, the Third National Bank, the plaintiff was compelled, by the judgment of the Court of Common Pleas No. 1, to pay the depositor of the said check the full amount thereof.

The affidavit of defence was as follows:

" The check over which this controversy arises was presented by the defendant bank to the Penn Bank for payment on May 26, 1884, and payment demanded and refused, and thereupon the check was duly protested for non-payment, and the Farmers & Mechanics Bank duly notified of the presenting of said check for payment, the refusal of payment thereof, and protest for non-payment.

" That on or about May 27, 1884, said check was redeemed by said Farmers & Mechanics Bank, which bank, after having been informed of the fact that said check was not put through the clearing house until Monday, May 26, 1884, and of all the other facts and circumstances surrounding the treatment of

said check by the Third National Bank, gave the Third National Bank the cashier's check of the Farmers & Mechanics Bank in exchange for the said check of James W. Patterson, executor of Charles B. Patterson, on said Farmers & Mechanics Bank, dated May 23, 1884, and took the same to the Farmers & Mechanics Bank where it remained, and the Third National Bank was never asked to pay the Farmers & Mechanics Bank the amount of said check, or any portion of it.

" That said Farmers & Mechanics Bank, and the Third National Bank of Pittsburg, from and after said 27th day of May, 1884, had dealings with each other and frequent settlements were had between said banks from that time until the 28th day of February, 1888, when said Farmers & Mechanics Bank and Third National Bank of Pittsburg, had a full, final and complete settlement of all their dealings with each other and the account between them was closed by the Farmers & Mechanics Bank withdrawing the balance to their credit in their account with said Third National Bank, viz : $5,045.57.

" That the payment of said check by the Farmers & Mechanics Bank to the Third National Bank of Pittsburg, was a voluntary payment made by it the said Farmers & Mechanics Bank, after being in full possession of all the facts surrounding the treatment of said check by said Third National Bank of Pittsburg.

" Affiant, therefore, denies that defendant is indebted to plaintiff in the sum of $910.40, with interest on the same from May 23d, 1884, or in any sum whatever."

The court gave binding instruction for plaintiff.

Verdict and judgment for plaintiff.    Defendant appealed.

*Error assigned* was above instruction, quoting it.

*James C. Doty, James R. Sterrett* with him, for appellant, cited : 1 Morse, Banks, §§ 152, 165, 171 ; Bank v. Tyler, 3 W. & S. 373 ; Bank v. Reed, 1 W. & S. 101 ; 2 A. & E. Ency. L. 118 ; Lloyd v. Bank, 15 Pa. 172 ; Caldwell v. Bank, 64 Barb. 333 ; Bank v. McCarthy, 7 Mo. Ap. 318 ; Merchants' Bank v. Bank, 10 Wall. 604 ; Martin v. Webb, 110 U. S. 7.

*Johns McCleave, D. T. Watson* with him, for appellee.—The

pleadings admit that plaintiff negligently failed to collect the check. There is no element of voluntary payment or estoppel; and no settlement and compromise, as there was no consideration therefor.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

On May 23d, 1884, the plaintiff received from one of its depositors a check on the Penn Bank, and on the same day delivered it to defendant for collection through the clearing house. The Penn Bank had suspended payment, and was closed at the time of the receipt of the check by the defendant, but was open for an hour on the afternoon of May 23d, which was Friday. It was open on Saturday the 24th, and a part of Monday the 26th. Checks on it were paid through the clearing house on Saturday, but not on Monday. The check in question was not sent to the clearing house on Saturday, as the Penn Bank had for some days been closed, and when it was sent on Monday it was returned dishonored. On the 27th the assistant cashier of the defendant returned the check with others to the assistant cashier of the plaintiff and explained to him that the officers of the Third National Bank had no knowledge that the Penn Bank cleared on Saturday, and that as it was the clearing house agent only the check was not presented at the bank. After this explanation and a full statement of all that had been done the check was handed back and the plaintiff's check was received in adjustment of the accounts between the parties.

The business between the banks continued as before from this date, May 27th, 1884, until Feb. 28th, 1888. During this time the defendant continued to act as the clearing house agent of the plaintiff, and a pass book was kept in which this and all other transactions were entered. This book was balanced monthly until it was finally closed, Feb. 28th, 1888, at which time a full and final settlement was made between the banks. In 1884 suit was brought against the plaintiff by the depositor of the check for negligence in failing to collect it of the Penn Bank, and judgment obtained against it in 1885, which was paid. Oct. 15th, 1888, the plaintiff suspended payment and made an assignment for the benefit of creditors. On May 20th, 1890, this suit was brought by the assignees.

The rules of court provide that " such items of claim and material averments of fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted." The statement and the affidavit of defence are therefore to be taken in connection with the facts established by the testimony. The affidavit contains no specific denial of the averment that the defendant had an opportunity to collect the check on the 23d, the 24th and the 26th, but did not present it, and negligently failed to collect it. The statement charges the defendant with no duty but that of a clearing house agent, and avers no breach of that duty, but only that the check ought to have been collected by presentation at the counter of the Penn Bank. Prima facie no such duty was imposed by the agency, and there is nothing in the statement to show that there was anything in the facts and circumstances to give rise to it. The agency set out was to collect through the clearing house, and no negligence in that regard is alleged. The only opportunity to collect through the clearing house was on Saturday morning. The Penn Bank was closed on Friday, and the clearings were made on Saturday before it opened. Without knowledge or the means of knowledge that the bank would resume payment on Saturday there was no duty on the defendant to send checks on it to the clearing house. The circumstances may have given rise to such a duty, and possibly to the duty of presentation at the bank, but they do not appear in the pleadings. The inquiry as to negligence was therefore not closed by admission for want of denial in the affidavit, but was open and for the jury.

The settlement of accounts, including the check in question, was made by the assistant cashier of the defendant in accordance with the practice and course of business between the banks. His authority to bind the plaintiff, if not inherent, might well be presumed from his position and the nature of the act, or become defined as to the defendant by its habitual exercise with knowledge and acquiescence. This settlement was made after a disclosure of all that had been done in relation to the check. It was entered on the pass book of the plaintiff, and the business relation continued as before without interruption for nearly four years, when a full settlement of all their business was had. · No objection was made at any time,

although suit was brought against the plaintiff and recovery had for its neglect in relation to the check. This action was instituted by the assignees for the benefit of creditors within seven days of the period of the bar of the statute of limitations.

The defendant was entitled to go to the jury on the question of the authority of the assistant cashier and the subsequent ratification of his acts, and of the binding effect of a settlement made and acquiesced in for such a length of time.

The assignment of error is sustained and the judgment reversed with a venire facias de novo.