## Cohen v. State Bank of Philadelphia, Appellant.

*Banks and banking—Lost check—Release of liability—Stop pay-
ment order.*

Where the maker of a check supposing that it had been lost,
signs a stop order payment directed to his bank, in which he re-
leased the bank from liability on account thereof "in the event of
payment of the said check by error should any check drawn by me

COHEN *v.* STATE BANK OF PHILA., Appellant. 41

be returned insufficient," and subsequently issues to the payee a second and larger check, including the amount of the first check, and the payee cashes both checks, the maker is bound by his release of liability, and cannot recover damages because the bank returned a third and subsequent check of the payee because of insufficient funds.

Argued Oct. 10, 1917. Appeal, No. 244, Oct. T., 1917, by defendant, from judgment of Municipal Ct., March T., 1917, No. 486, on verdict for plaintiff in case of B. Cohen v. State Bank of Philadelphia. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass for damages for refusing payment of a bank check. Before MACNEILLE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $53. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Harry Felix,* for appellant.

*M. McManus,* for appellee.

OPINION BY TREXLER, J., March 2, 1918:

Plaintiff, the treasurer of the United Favor Society, gave to Arkin a check dated February 4, 1917, for $150 to be delivered to the payee, Harry Levin, who had borrowed the amount from the society. Levin, who had directed that the check be given to Arkin, went to him and got the check from him while he was asleep or at least so drowsy that he forgot the incident and when he recovered full consciousness, finding the check gone thought he had lost it and so informed the plaintiff. Thereupon plaintiff went to the bank upon which the check was

drawn and stopped payment using the following form: "Stop Payment of my check number    Dated    for $ to the order of    Date Stopped    Time Stopped. I ask this as an act of courtesy only and in consideration therefor release the State Bank of Philadelphia from any liability on account thereof, or in the event of payment of the said check by error on the part of the State Bank of Philadelphia, should any check drawn by me be returned insufficient, I hereby release the State Bank of Philadelphia, from any and all liability therefor and on account thereof. Account No.    ."

At the time the stop payment order was given to the bank the officers of the institution were told that the check had been lost, that it was intended for Levin and that Arkin had lost it. The bank subsequently paid the check to Levin. The plaintiff, although he knew that the first check was in Levin's possession, instead of withdrawing the stop payment order took the doubtful course of giving him another check for a larger sum including, however, the amount of the first check, and by reason of both these checks being presented and paid a subsequent check given by the plaintiff was dishonored. Hence this suit. We see no reason why, under the circumstances in the case, the plaintiff should not be bound by the terms of the stop payment order. We do not say that such an order would protect a bank under all circumstances. We think it does in this case. The reason the payment was stopped was because the check was lost. It was to prevent any one but the payee using the lost check, if found, and drawing the money. When the real payee of the check presented it the bank might infer that the reason for stopping payment had disappeared, at least the payment of the check after such facts appeared would not render the bank liable in view of the provision of the stop payment notice. The plaintiff was not required to use the form of order but since he chose in writing to ask the bank to stop payment as an act of courtesy and not as a matter of right, he cannot now complain if the bank

be relieved from liability by reason of the terms of the order which he gave. We think under the facts as developed in the case the bank cannot be held.

The assignments of error are sustained and the judgment is reversed.