# Thompson v. Republic Trust Company, Appellant.

*Banks—Banking—Check—Stopping payment—Notice—Failure to stop — Subsequent acceptance of balanced account — Effect — Case for jury.*

In an action of assumpsit to recover a sum alleged to be due on a deposit account with a bank, it appeared that the plaintiff had notified the defendant bank to stop payment on a check. Subsequently, in response to defendant's request, plaintiff executed a formal notice to stop and mailed the same to the bank. Notwithstanding this notice the bank paid the check. Sometime later the plaintiff withdrew his account and accepted the balanced bankbook and cancelled checks, including the check on which payment has been ordered to be stopped.

More than three years later the plaintiff made demand for the amount of the check in question.

*Held:* that the interpretation of the orders to stop were questions of law for the court; that the question of the binding effect of the settlement between the bank and the plaintiff was for the jury.

The entry of the debits and credits in a depositor's pass-book by a banking institution, striking a balance and then delivering the book to the depositor, with his cancelled checks, constitutes a rendition of account, so that the retention of the book, so balanced, by the customer for an unreasonable time without objection to the account as rendered will constitute an account stated.

Argued October 21, 1924. Appeal, No. 126, Oct. T., 1924, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 7862, on verdict for plaintiff in the case of William G. Thompson v. Republic Trust Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover amount erroneously paid by bank. Before McDEVITT, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $847.50 and judgment thereon. Defendant appealed.

*Error assigned* was the refusal of defendant's motion for judgment non obstante veredicto.

*C. Brewster Rhoads,* and with him *Roberts & Montgomery,* for appellant.—The interpretation of the order to stop payment was for the court and the jury should have been instructed that the letter of May 28, 1917, did not constitute an order upon the defendant to stop payment: Baldwin v. Magen, 279 Pa. 302; Kutztown Foundry & Machine Co. v. Sloss-Sheffield Steel and Iron Co., 279 Fed. 627; Societe, etc., v. Loeb, Lipper & Co., 239 Pa. 264; Shafer v. Senseman, 125 Pa. 310; Foster v. Berg & Co., 104 Pa. 324.

The plaintiff by closing his account and accepting the return of the deposit book and vouchers, and failing for a period of three years thereafter to object to the account as settled, is estopped from holding the defendant liable for the alleged mispayment of the check: 3 R. C. L. (Banks) Sec. 161, 532; 3 R. C. L. 533-34; United Security, etc., Co. v. Bank, 185 Pa. 586; England National Bank v. United States, 282 Fed. 121; Marks v. Anchor Savings Bank, 252 Pa. 304; Leather Manufacturers' National Bank v. Morgan, 117 U. S. 96; First National Bank of Phila. v. Farrel, 272 Fed. 371; Trust Co. v. Bank, 265 Pa. 60; Connors v. Bank, 245 Pa. 97; Murray v. Trust Co., 39 Pa. Superior Ct. 438; Bank v. Bank, 271 Pa. 107; Knights v. Trust Co., 69 Pa. Superior Ct. 89.

*Frederick H. Knight,* and with him *Edmonds & Obermayer,* for appellee.—The plaintiff's letter of May 28th was sufficient notice to the defendant to stop payment: Morse, Banking, 5th Ed., 711; Brady, Law of Checks, 260; Sarantopoulos v. Mid-City Trust and Savings Bank, 222 Ill. App. 24; Osburn v. Corn Exchange Nat. Bank, 208 Ill. App. 155.

The plaintiff was not estopped from recovery because of failure to notify the bank of the mispayment of his check within a reasonable time after the balancing of

the account: Manufacturers' National Bank v. Barnes, 65 Ill. 69; 3 Ruling Case Law, 538, sec. 168; Glassell Development Co. v. Citizens' Nat. Bank, 216 Pac. 1012; National Dredging Co. v. President, Etc. Farmers' Bank, 69 Atl. 607.

OPINION BY GAWTHROP, J., December 12, 1924:

The plaintiff was a depositor in the defendant trust company and brought this action to recover a balance claimed to be due on his deposit account. The allegation was that the defendant paid a check drawn by the plaintiff against his account in the sum of $750, after receipt by it of the plaintiff's order not to pay the check. Under the evidence the jury would have been warranted in finding the following facts: On and prior to May 28, 1917, the plaintiff was a depositor in the defendant company. On that date he addressed to it the following letter:

"May 28, 1917.

"Republic Trust Co.,
    "Philadelphia, Pa.
"Dear Sirs:—

"I shall feel greatly obliged if you will kindly hold up payment of my check #188, May 15th, 1917, favor of Bank of Tavares for $750 until you hear from me. Could you advise me on receipt of it, or must you either return it unpaid or pay it as soon as you get it? Your kind attention shall be appreciated.

"Very truly yours,
"William G. Thompson."

To this letter the defendant replied on May 29, 1917, as follows:

"Philadelphia, May 29, 1917.

"Mr. W. G. Thompson,
    "1703 Mt. Vernon St.,
        "Philadelphia, Pa.
"Dear Sir:

"We are in receipt of your letter of the 28th inst. in reference to check No. 188 for $750.

"In reply, we would advise you that when checks are presented they must be paid at sight, unless you authorize us to stop payment.

"Time is not given for us to advise you of the arrival of the check when it is presented, it must be honored or refused immediately.

"We enclose herewith form of stop payment and if you care to sign the same, send it to us promptly and if the check is not paid before the arrival of the order, we will refuse to pay it upon presentation.

"Do we understand you wish us to address you permanently at 5551 Blakemore St., Germantown, Phila., after May 30th.

"Yours very truly,
"William C. Pollock, Jr.,
"WCP:EFC                            "Treasurer."

On May 30, 1917, the plaintiff properly filled up and signed the form of "stop payment" enclosed in the defendant's letter of May 29, 1917, and mailed it to the defendant. The plaintiff's name and address were on this envelope. The letter was not returned to him. On June 7, 1917, the defendant paid the check and charged the amount thereof against the plaintiff's account. On June 11, 1917, the plaintiff went to the defendant company and learned that the check had been paid. At that time he called the attention of the defendant's general bookkeeper to the fact that he had given notice to stop payment on the check. On June 13, 1917, the defendant received from the plaintiff a letter complaining that he had not received a letter from it in reference to the check which was paid "after my two requests to withhold payment," and that "I certainly cannot understand why you should let it go through after my writing twice about it and returning the slip you use for the purpose." On June 19, 1917, the plaintiff closed his account with the defendant and accepted its check for $24.96, being the balance due him by the books of the

defendant. At the same time the settlement of the account was entered on plaintiff's pass book and he received it and his cancelled checks, including the check for $750 here involved. At that time he asserted no claim against the defendant and made no complaint relative to the mispayment of the check. On February 9, 1921, the plaintiff made formal demand upon the defendant for the $750. This appeal is from a judgment entered on a verdict for the plaintiff. The only error assigned is the refusal of the defendant's motion for judgment non obstante veredicto.

The first contention of the learned counsel for the appellant is that the trial judge should have charged the jury that the plaintiff's letter of May 28, 1917, did not constitute a valid order upon the defendant to stop payment of the plaintiff's check. After mature deliberation, we are of opinion that such instruction would have been error. As stated by the learned trial judge in his charge, a depositor is not required to use any prescribed language in telling a bank not to pay his check. The first sentence of the plaintiff's letter of May 28, 1917, was: "I shall feel greatly obliged if you will kindly hold up payment of my check #188, May 15th, 1917, favor of Bank of Tavares, for $750 until you hear from me." Clearly this was sufficient notice to the bank that the plaintiff did not wish the check paid and that its authority to pay had been revoked. "To hold" means "to stop" or "to retain" (Words and Phrases, vol. 4, ed. 1904, p. 3314), and "to hold up" means "to stop" or "to cease" (Century Dictionary and Cyclopedia, vol. 4, p. 555). The addition of the words "until you hear from me" do not in any way qualify the meaning, or detract from the finality, of the plaintiff's clearly expressed request to stop payment. We agree with the learned counsel for the appellee that these words merely indicate that the plaintiff might subsequently change his mind and retract the request. But until that time the order was absolute. Nor are we convinced that the

188 THOMPSON v. REPUBLIC TRUST CO., Appel.

second sentence in the letter changed the situation. It amounted merely to a request to be advised whether the bank could inform the plaintiff of the receipt of the check or whether it was its duty immediately to return it unpaid. From the four corners of the letter, it is manifest that the plaintiff desired that the check should not be paid and that it amounted to a valid notice to stop payment. We agree with counsel for the appellant that the construction of this letter was for the court. (See Standiford v. Kloman, 234 Pa. 443, 449; Baldwin v. Magen, 279 Pa. 302). But in submitting the question of the sufficiency of the notice to the jury, that tribunal having found it to be sufficient, no reversible error was committed.

But there is another reason why it would have been error to charge the jury that under the evidence there was no definite order given by the plaintiff and received by the defendant to stop payment of the check. The plaintiff testified that when he received, with the defendant's letter of May 29, 1917, the printed form of stop order contained therein, he filled it up and signed it and mailed it to the defendant in an envelope upon which his name and address appeared. On that state of the record the jury could find that the second notice was received by the defendant before it paid the check. Although the statement of claim did not allege any order to stop payment, except the letter of May 28, 1917, the plaintiff's testimony as to the sending of a subsequent stop order was received without objection. While the testimony as to the mailing of the second stop order might have been objected to on the ground that it was not within the allegations of the statement, it is well settled that where testimony is received without objecion which might not be admissible under a strict construction of the pleadings and the issues of fact thus raised are submitted to the jury to be determined by them from the evidence, a verdict following such a trial on the merits will not be set aside and judgment non obstante veredicto entered be-

cause of a variance between the allegations and the proof: Odgen v. Belfield, 82 Pa. Superior Ct. 534.

The other contention of the appellant is that the plaintiff by closing his account on June 19, 1917, accepting the return of his pass book and cancelled checks, including the check here involved, receiving from the defendant its check for $24.96, the balance shown to be due by the pass book, and failing for a period of more than three years thereafter to object to the account as settled, is estopped from holding the defendant liable for the alleged mispayment of the check. This defense was raised in the eighth paragraph of the affidavit of defense and a point covering it was presented to the trial judge for charge. Thus this feature of the case was fairly brought to the attention of the court below. The point referred to requested a charge that the transaction as above described constituted an account stated between the parties, and that by reason of the plaintiff's acquiescence for such a long time he was bound thereby and that the verdict must be for the defendant. While it would have been error to affirm the point, we are of opinion that this feature of the case should have been submitted to the jury under proper instruction. The relation between a bank and its depositor is a contractual one. It is that of debtor and creditor. As was stated by our Supreme Court in Sergeant's Exrs. v. Ewing, 30 Pa. 75, 83, "It is too well settled now to be doubted, that accounts rendered to a party indebted, by his creditor, and not objected to in a reasonable time, are prima facie evidence against the party to whom rendered." A bank book settled, balance struck and checks returned to the depositor, will become an account stated if not promptly examined and errors of amount pointed out for correction: United Security Life Ins. & Trust Co. of Pennsylvania v. Central National Bank of Philadelphia, 185 Pa. 586, 601. This is in harmony with the rule as declared in 3 R. C. L., section 161, p. 532, as follows: "It may be stated generally that the entry of the debits

and credits in a depositor's pass book by a banking insti-. tution striking a balance and then delivering the book to the depositor with his cancelled checks, constitutes a rendition of account so that the retention of the book so balanced by the customer for an unreasonable time without objection to the account as rendered will constitute an account stated." An account stated is defined by high authority to be "an account in writing, examined and accepted by both parties. And this acceptance need not be expressed, but may be implied from circumstances": Story's Eq. Jur., section 526; Leinbach v. Wolle, 211 Pa. 629, 630. The right of a defendant to go to the jury upon the question of the effect of a settlement made and acquiesced in for a long period of time was decided in F. & M. Bank to use v. Bank, 165 Pa. 500. In that case the plaintiff bank received in 1884 from one of its depositors a check on the Penn Bank and on the same day delivered it to the defendant for collection through the clearing house. The allegation was that the defendant was negligent in failing to present the check to the Penn Bank before it suspended business. After a full statement of all that had been done by the defendant, the check was handed back and the plaintiff's check was received in adjustment of the accounts between the parties. They continued to do business for nearly four years. During that time the defendant continued to act as the clearing house agent for the plaintiff and a pass book was kept in which the transaction in suit and all other transactions were entered. The pass book was balanced monthly until it was finally closed February 28, 1888, at which time a full and final settlement was made between the banks. In the meantime a suit was brought against the plaintiff by the depositor of the check for negligence in failing to collect it of the Penn Bank and judgment was obtained and paid. Two years later the plaintiff's assignees for creditors brought suit against the defendant within seven days of the period of the bar of the statute of limitations. It was held that

the defendant was entitled to go to the jury on the question of the binding effect of a settlement made and acquiesced in for such a length of time.   We think the decision in that case is controlling here and that it was for the jury to decide under a proper submission whether, under the circumstances, the plaintiff accepted the account stated and the check for $24.96 as payment in full and a settlement between him and the bank.   ·

The judgment is reversed with a venire facias de novo.