## George W. Wall *v.* Franklin Trust Company of Philadelphia, Appellant.

*Banks and banking—Checks—Stopping payment—Payment by bank after notice—Liability of bank.*

Where a bank paid a check after receipt of notice from the drawer to stop payment thereon, it is liable to the latter for its failure to comply with his instructions.

An open deposit held by a bank is subject to the order of the depositor, and with respect to the person to whom it is to be paid, the bank is the agent of the depositor.

A check is neither a legal nor equitable appropriation of a corresponding amount of the depositor's funds in the bank, nor does the payee named in the check acquire through it a right of action against the bank or title to any part of the deposit of the maker in the possession of the bank.   As a check is merely an order on the bank to pay from the maker's account, it may be revoked at any time before it is paid or accepted.   Where a check is issued and afterward the maker decides to recall it, he may notify the bank not to pay it, and this instruction the latter is bound to observe if the notice be in time.   If payment is made after such notice the bank does so at its peril.

Argued October 31, 1924.   Appeal, No. 157, Oct. T., 1924, by defendant, from judgment of Municipal Court of Philadelphia, Dec. T., 1922, No. 815, in favor of plaintiff in the case of George W. Wall v. Franklin Trust Com-

pany of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover amount of check paid by bank. Before LEWIS, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $499.53. Defendant appealed.

*Errors assigned* were, among others, the judgment of the court and refusal of defendant's motion for judgment non obstante veredicto.

*Charles J. Weiss,* of *Wessel, Bennett & Weiss,* for appellant.

*R. H. Woolsey,* of *Peck, Peck & Woolsey,* for appellee.

OPINION BY HENDERSON, J., February 27, 1925:

The plaintiff having funds on deposit in the defendant bank gave a check thereon for the sum of $400, payable to William F. Shriver. Before the check was presented for payment by the latter, the drawer notified the bank not to pay the check. This notice the bank disregarded and paid the amount of the check to Shriver, whereupon the plaintiff brought this action to recover the amount so paid and the balance remaining to his credit in the bank. It was admitted that the notice was given and that the check was subsequently paid to the drawee. The defense to the action is that the plaintiff owed Shriver the amount of the check which he should have paid, and that the plaintiff therefore suffered no loss by the act of the defendant. The contention is further made that by giving the check a contract relation was created between the plaintiff and Shriver and that the bank was within its right in paying the check, not-

withstanding the notice, because the depositor started the proceeding by issuing the check; the conclusion of the argument being that the bank had a "contractual right to pay." The court below refused to accept this view of the law and entered judgment for the plaintiff whereupon the defendant appealed. There is a single question presented: May a drawer of a check against a deposit in his name in a bank revoke the direction to pay contained in the check by notice to the bank, if such notice be given before the check is accepted by the bank? It may be considered a general rule in this State that an open deposit held by a bank is subject to the order of the depositor, and with respect to the person to whom it is to be paid, the bank is the agent of the depositor. A check is neither a legal nor equitable appropriation of a corresponding amount of the depositor's funds in the bank, nor does the payee named in the check acquire through it a right of action against the bank nor title to any part of the deposit of the maker in the possession of the bank. As a check is merely an order on the bank to pay from the maker's account, it may be revoked at any time before it is paid or accepted. Where a check is issued and afterward the maker decides to recall it, he may notify the bank not to pay it and this instruction the latter is bound to observe if the notice be in time. Money on deposit in a bank to the credit of the depositor continues to be his, notwithstanding he may have given a check against the whole or a part of it, and it only becomes the property of the payee when lawfully paid to him by the bank. The usual method of stopping payment of a check is by notice to the bank on which the check is drawn, and if payment be made after such notice, the bank does so at its peril: German National Bank v. Farmers Bank, 118 Pa. 294. The law as thus stated does not seem to be controverted in the brief of the counsel for the appellant. Reliance is placed however on the proposition that if the drawer be a debtor of the payee, the bank may pay the check notwithstand-

ing a notice not to do so, and that in defense of its action it may show that the drawer of the check should be paid, and that the bank had a right because the check was issued to treat it as an admission of the drawer's liability and discharge his obligation. An obvious objection to this doctrine is that it would open the door in any case in which a bank refused to respect a revocation of a check to permit the drawee to exercise its own judgment as to whether the check should be paid or not, and in an action brought to recover the amount of the deposit to try an issue between the drawer and payee of the check on the inquiry whether the former was indebted to the latter. No precedent is cited in support of this view of the law, nor is it consistent with the general principle that a check is an order merely and is subject to revocation before payment is made. By drawing a check the drawer does not constitute the drawee an arbiter to decide any question involving the liability of the maker to the payee. The obligation of the bank is to pay on the order of the depositor and on his order alone, and the notice not to pay the check being the last direction on the subject is binding on the bank. The learned trial judge reached the correct conclusion therefore on the facts as presented on the record.

The judgment is affirmed.