## Abrams v. Homewood Bank at Pittsburgh

*Harrison & Louik*, for plaintiff.
*David Glick*, for defendant.

MONTGOMERY, J., January 18, 1951.—Plaintiff seeks judgment on the pleadings which consist of the complaint and an answer containing new matter. Plaintiff has not replied to the new matter and has not been ruled to do so. Instead, he has filed a motion for judgment and in support of same argues that although the new matter be true, it is an insufficient defense to the claim.

This is an action of assumpsit brought by one of defendant's depositors to recover a sum of money which

defendant wrongfully paid from his account on a check drawn by plaintiff but after defendant had been notified to withhold payment. The complaint alleges the drawing of the check, the stop-payment order, the protesting of the check and the subsequent payment after protest. Defendant as new matter sets out the following written notice from plaintiff:

> "            To                    (C.M. No. 3272)      No.
> Homewood Bank at Pittsburgh      Stop Payment      01696
> Pittsburgh 8, Pennsylvania
> On my check No. 3272       Dated 4/10/47       Date Received
>                                                 Apr. 10, 1947.
> In Favor of            Michael DeStout
> For . . . Five hundred and No/100 . . . Dollars      $500.00
> Reason   Transaction unsatisfactory   Duplicate Issued? No.
>     In requesting you to stop payment of this or any other items, the undersigned agrees to hold you harmless for all expenses and costs incurred by you on account of refusing payment of said item, and further agrees not to hold you liable on account of payment contrary to this request if same occur through inadvertence, accident or othersight, or if by reason of such payment other items drawn by the undersigned are returned insufficient.
>     No stop payment request, renewal or revocation thereof heretofore or hereafter given shall be valid if oral or unless served at the bank.
>     This request is effective for 90 days but renewals may be made from time to time.
> Stop Payment Release,  Date——————————19——
> The Above Request Is Withdrawn
> ————————————————  JEROME ABRAMS
>                                     Signature of Maker"

CHECK SORTER'S AND BOOKKEEPER'S COPY

and relies on it as a defense, after admitting the check was paid through its inadvertence, accident or oversight.

This motion presents a close question which has been decided in contrary fashion in various jurisdictions and has been the subject of considerable discussions by writers in our law reviews: 97 University of Pa. L. R. 366; 10 Pitt. L. R. 590. See also discussions in 126 A. L. R. 209, 175 A. L. R. 80 and 1 A. L. R. (2d) 1159, wherein most cases on the subject have been collected.

It appears that the law is definitely established that in the relationship of a bank with its depositor: "The obligation of the bank is to pay on the order of the depositor and on his order alone, and the notice not to pay the check being the last direction on the subject is binding on the bank": Wall v. Franklin Trust Co., 84 Pa. Superior Ct. 392; German N. Bank v. Farmers' Bank, 118 Pa. 294. Such obligation on the part of the bank would therefore appear to be a legal one and not a matter of discretion to be exercised only as a courtesy to the depositor. The question therefore follows:

"May the bank release itself of this obligation by securing from the depositor without new consideration an unsealed writing purporting to release and discharge it from liability for its failure to perform its obligation through inadvertence, accident or oversight?"

A review of the foregoing articles and the cases cited therein indicate that in some jurisdictions similar writings have been held effective to limit or modify the obligation of the bank without additional consideration. However, in Pennsylvania the only cases directly on the subject are Weller v. The Broad Street National Bank, 15 D. & C. 321, and Williams v. Dollar Savings & Trust Co., 66 Pitts. L. J. 247. Both of these cases hold that after notice to withhold payment on a depositor's check any payment is made at the bank's peril. In the first of these cases the stop payment order and the limitation of the bank's liability for inadvertent payment was in writing, and in the second both were oral but, in both, recovery by the depositor was permitted. Lack of a new consideration is given as the reason for the court's refusal to recognize the limitation writing in the first case and the same reason is inferred in the second. In the Weller case, decided in 1930, the court discusses and distinguishes Cohen v. State Bank of Philadelphia, 69 Pa. Superior Ct. 40,

decided in 1918. We have read that case also and find it not in conflict. That was an action of trespass for refusing payment of a check drawn by plaintiff. The situation had been caused by plaintiff issuing a second check to the same drawee, who had reported the loss of the original check, after being informed the first check had been found by him. Although he had stopped payment on the first, plaintiff did not inform the bank of its recovery or the issuance of the duplicate. The court therein said, in referring to a stop payment order similar to the one we are considering:

"We do not say that such an order would protect a bank under all circumstances. We think it does in this case. The reason the payment was stopped was because the check was lost. It was to prevent anyone but the payee using the lost check, if found, and drawing the money. When the real payee of the check presented it the bank might infer that the reason for stopping payment had disappeared, at least the payment of the check after such facts appeared would not render the bank liable in view of the provision of the stop payment notice."

Since the decisions of Weller v. The Broad Street National Bank and Williams v. Dollar Savings & Trust Co. have not been overruled by any appellate court decision and have presumably been recognized since 1918 and 1930, respectively, we are of the opinion that much credit should be attached to them as establishing the Pennsylvania law on this subject and that they should not be overruled by another court of similar jurisdiction. This court will, therefore, recognize and follow them in this case.

However, even though the law in Pennsylvania were otherwise than stated in those cases, we would not consider the writing in this case as sufficient to relieve defendant of liability for its action in this case. The writing which we are considering was prepared by

defendant and submitted to plaintiff by it. It should therefore be interpreted against the one preparing it, if there is any doubt in its meaning (Reid v. Sovereign Camp of Woodmen of World, 340 Pa. 400), and in our opinion there is grave doubt whether the writing was intended to relieve defendant of what appears to be not inadvertence, accident or oversight but gross negligence in paying the check after payment had been stopped and the check formally protested.

Judgment will, therefore, be entered on the pleadings for plaintiff.