Thomas *v.* First National Bank of Scranton, Appellant.

Argued March 2, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER and WRIGHT, JJ. (DITHRICH, J., absent).

*C. H. Welles, 3rd,* with him *Welles & Mackie,* for appellant.

*William J. Oliver,* for appellee.

OPINION BY HIRT, J., April 15, 1953:

This action in assumpsit was tried on stipulated facts. The defendant, a National Bank in the City of Scranton, had accepted the plaintiff as a depositor prior to October 12, 1950 and he then had funds with the bank, in a checking account. On the above date he delivered his check, drawn on the bank, to Sabor Dental Supply House as payee, in the sum of $1,225. On the following day plaintiff went to the bank for the purpose of stopping payment on the check and there signed a "Request to Stop Payment" on a printed form submitted to him by one of defendant's clerks. The request addressed to the bank, which he signed, contained the following: "Should the check be paid through inadvertence, accident or oversight, it is expressly agreed that the Bank will in no way be held responsible. The Bank receives this request upon the express condition that it shall not be in any way liable for its act should the check be paid by it in the course of its business. The undersigned agrees to be legally bound hereby." On October 16, three days after the plaintiff signed the stop-payment order, the check was paid by the defendant bank on presentation, "through inadvertence, accident, or oversight" and was charged against the funds on deposit in plaintiff's account. This suit was brought to recover $1,225, when the defendant on demand refused to credit plaintiff's account with the

[4] See *Com. v. Haines,* 171 Pa. Superior Ct. 362, 370, 90 A. 2d 842.

amount of the check on which plaintiff had stopped payment. The case was tried without a jury resulting in a judgment in plaintiff's favor against the defendant for the amount of the check with interest.

It is the rule in this State that an open deposit created by a customer of a bank is subject to his order as the depositor. A check is no more than an order on the bank to pay a stated amount to a named payee from the maker's account and, as such, may be revoked at any time before the check is paid or accepted for payment by the bank. The usual method of revocation is by notice to the bank on which the check is drawn to stop payment and such direction, being the last order of the depositor affecting his account, is binding on the bank. In general, if payment of a check is made by the bank on which it is drawn, after such notice, the bank does so at its peril. *Wall v. Franklin Trust Co.,* 84 Pa. Superior Ct. 392; *German N. Bank v. Farmers' D. N. Bank,* 118 Pa. 294, 12 A. 303. If the plaintiff in this case had directed the bank categorically to stop payment (regardless of the form of the order, *Thompson v. Republic Trust Co.,* 84 Pa. Superior Ct. 183) there could be little question as to the bank's obligation to make restitution under its common law liability to the plaintiff.

Plaintiff's stop-payment order however was not absolute but was qualified by the terms of the request which he signed. The common law liability of a bank may be limited provided the limitation has the assent of the depositor. In the instant case the intention of the parties in relation to limiting the bank's liability was clearly expressed in the stop payment direction executed by plaintiff. The rule of freedom of contract therefore will prevail and since under the stipulated facts the check was paid by the bank although "Through inadvertence, accident or oversight" its act was within

the limitations of the bank's liability to which plaintiff had assented, and the plaintiff therefore cannot recover. Notwithstanding the conflict of judicial opinion on the subject, a release of liability as in this case is not rendered inoperative on the ground of public policy. Such releases, in common use by banks, relate exclusively to personal and private affairs. One is not obliged to agree to a limitation of the common law obligation of a bank to honor an unequivocal stop-payment order but if he does, his release (apart from the question of consideration) is enforceable insofar as it contains a clear expression of his intention since no public interest is involved.

The majority of the cases and certainly the weight of authority support the view that a stipulation releasing a bank from liability on paying a check in disregard of a stop-payment request constitutes a valid enforceable contract. *Gaita v. Windsor Bank,* 251 N. Y. 152, 167 N.E. 203 and *Tremont Trust Co. v. Burack,* 235 Mass. 398, 126 N.E. 782, are typical. Cf. *Cohen v. State Bank of Phila.,* 69 Pa. Superior Ct. 40 and 175 A.L.R. 79 and 1 A.L.R. 2d 1155 where the cases are collected.

The decisions in some of the cases holding that such releases are unenforceable rest upon lack of consideration for the relinquishment of the depositor's absolute common law right to look to the bank for reimbursement. *Reinhardt v. Passaic-Clifton Nat. Bank & Trust Co.,* 16 N. J. Super. 430, 84 A. 2d 741, is illustrative of that class of cases. The assertion of lack of consideration however is not available to the present plaintiff in seeking to avoid the limiting terms of his stop-payment request. The release which he signed specifically provides: "The undersigned agrees to be legally bound hereby." Plaintiff's agreement to that effect removes lack of consideration from the case as a ground

for avoiding the effect of the release, under the Uniform Written Obligations Act of May 13, 1927, P. L. 985, 33 PS §6.

Judgment reversed and here entered for the defendant.