## Stern & Company v. Snyder

*Hankin, Hankin & Shanken*, for plaintiff.
*William L. Huganir*, for defendant.

FORREST, J., November 10, 1954.—As holder of a check by negotiation plaintiff has brought suit against the drawer thereof. Defendant has filed a preliminary objection in the nature of a demurrer, stating: "The complaint does not state a cause of action". Defendant contends that, since she had the right to revoke the order to pay, which she has done, a holder by negotiation is thereby deprived of any right of action against her.

The demurrer "serves the historic function of enabling the defendant to test the sufficiency of the plain-

tiff's pleading": Goodrich-Amram Civil Practice, §1017(b)-10. Thus the material allegations are admitted for present purposes. They may be summarized as follows: On October 10, 1953, defendant, Rose N. Snyder, drew a check in the sum of $150 upon Farmers National Bank to the order of Frank Schmeck; Schmeck endorsed the check and delivered it to plaintiff, Stern and Company, upon payment of that amount by plaintiff to Schmeck; plaintiff deposited the check in its bank for collection; on or about October 16, 1953, upon presentation of the check to Farmers National Bank for payment, said drawee bank refused payment, defendant having lodged a stop-payment order; defendant failed to pay said sum or any part thereof to plaintiff.

Section 1 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, 56 PS §1 provides:

"An instrument to be negotiable must conform to the following requirements:

"1. It must be in writing, and signed by the maker or drawer.

"2. Must contain an unconditional promise or order to pay a sum certain, in money.

"3. Must be payable on demand or at a fixed or determinable future time.

"4. Must be payable to order or to bearer, and

"5. Where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The instrument in question conforms to all the aforesaid requirements and therefore is negotiable.

Section 126 of the Negotiable Instruments Act, 56 PS §301, defines a "bill of exchange" as "an unconditional order in writing, addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay, on demand

or at a fixed or determinable future time, a sum certain in money to order or to bearer."

Section 185 of the Negotiable Instruments Act, 56 PS §473, defines a "check" as "a bill of exchange drawn on a bank, payable on demand." It is apparent from the complaint that the instrument on which suit has been brought is a check and that it is negotiable.

Section 132 of the Negotiable Instruments Act, 56 PS §132, defines "who is a holder in due course".

"A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular upon its face.

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.

"3. That he took it in good faith and for value.

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

According to the complaint, it appears that plaintiff is a holder in due course, having taken the instrument under the above mentioned conditions.

Section 137 of the Negotiable Instruments Act, 56 PS §137, sets forth the "rights of holder in due course" and provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, . . ."

Therefore, we see that a stop-payment order does not deprive the holder in due course of the right of action on the instrument.

Defendant has relied upon two cases: George W. Wall v. Franklin Trust Company of Philadelphia, 84 Pa. Superior Ct. 392 (1925), and Thomas v. First National Bank of Scranton, 173 Pa. Superior Ct. 205 (1953). These two cases are not in any sense analogous

to the instant case. They were actions by the drawer of a check against a bank on which the check was drawn to recover the face amount of the check from the bank because the bank charged the check to the drawer's account after the drawer had filed a stop-payment order. The question of law involved in both cases was whether the depositor had rights against the bank arising out of noncompliance with a stop-payment order previously lodged with the bank. The question of law in this case is one of negotiability of an instrument and the rights of a holder in due course.

### Order

And now, November 10, 1954, defendant's preliminary objection to the complaint is overruled and defendant is allowed 20 days from the date hereof to file an answer on the merits.